### DEWEY PRUITT et al. v. STATE.

No. A-4581. Opinion Filed Dec. 31, 1924.

(231 Pac. 899.)

(Syllabus.)

Intoxicating Liquors—Evidence of Unlawful Possession Sufficient as to one Defendant and Insufficient as to Other. In a prosecution for unlawful possession of intoxicating liquor, evidence held sufficient to sustain a conviction as to one of the defendants and insufficient as to the other.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Dewey Pruitt and Jimmie Lynch were convicted of unlawful possession of intoxicating liquor, and they appeal. Affirmed as to Jimmie Lynch, and reversed as to Dewey Pruitt.

Mathers & Coakley, for plaintiffs in error.

George F. Short, Atty. Gen., and Gilbert B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that the defendants Jimmie Lynch and Dewey Pruitt did, in Carter county, about the 15th day of August, 1922, have in their pos-

session intoxicating liquor with intent to sell the same. Upon the trial they were found guilty, and the punishment of each assessed at a fine of 50 dollars and 30 days' confinement in the county jail. They have appealed from the judgments rendered upon the verdict.

The first assignment of the petition in error relates to the sufficiency of the evidence to sustain the verdict.

E. S. Gravitt testified that he was with Mr. Kearsey and they stopped an automobile coming from the south into Healdton; Dewey Pruitt was driving the car, and Mr. Morrow was in the front seat with him; Jimmie Lynch was in the back seat; as the car approached them Jimmie Lynch broke a half-gallon jar, which was wrapped in paper, by pitching it out of the car.

Mr. Kearsey testified that he saw the car leave Healdton going south with Dewey Pruitt, Jimmie Lynch, and Bill Morrow in it; Mr. Gravitt was with him when they saw the car coming back; when the car was about 100 yards from them, the man in the back seat, Jimmie Lynch, threw out a package wrapped in paper; that he stopped their car, went to the place where the package fell, and found a little whisky in the broken part of a jar.

Bill Morrow testified that he was an oil field worker and started in Dewey Pruitt's car to the derrick south of town to look at a string of tools; that as they drove by the hotel Jimmie Lynch hollered at Dewey Pruitt and said he wanted to go with him; Pruitt drove down to the derrick and stopped there while he attended to his business, something like 15 minutes, then they all started back to town; that he and Pruitt were in the front seat and Lynch in the rear seat; as they drove up the road they met Mr. Gravitt and Mr. Kearsey; that he

saw paper and some broken glass when the bottle broke; that neither he nor Pruitt had any whisky or had anything to do with it.

As a witness in his own behalf Dewey Pruitt testified he was 21 years old, was a service car driver, never was arrested before for any offense; that Mr. Morrow employed him to drive him to an oil rig about one mile south of Healdton; that as they started off Jimmie Lynch hollered and said, "Where are you going?" and he told him south of town a little piece, and Lynch said he wanted to ride with him; that after Mr. Morrow got through with his business at the oil derrick he started to drive him back to town, and Mr. Gravitt and Mr. Kearsey held them up; that he had no whisky in the car, and was merely driving Mr. Morrow for a service fee; that Mr. Kearsey and Mr. Gravitt searched the car and then walked back and brought the paper and a broken jar back.

The defendant Jimmie Lynch did not testify. As to his guilt or innocence it is obvious that the case was one for the consideration of the jury. As to the defendant Dewey Pruitt we are impelled to the conclusion that the evidence is not sufficient to connect him with the commission of the offense charged, and a verdict of not guilty ought to have been returned as to him.

The test by which to determine the sufficiency of circumstantial evidence is whether the circumstances tending to connect the defendant with the offense charged are of such conclusive nature as to exclude as to a moral certainty every rational hypothesis except that of his guilt. It is true the defendant Pruitt was the owner and driver of the car, but this was not a prosecution for transporting whisky. The charge was unlawful possession with intent to sell, and we think the facts and circumstances in evidence are insufficient to show possession by the defendant Pruitt.

Some other errors are claimed, but we do not regard them of sufficient merit to discuss. The evidence of defendant Jimmie Lynch's guilt was ample to warrant the verdict and judgment. The judgment as to him is accordingly affirmed.

For the reasons stated, the judgment of conviction as to the defendant Dewey Pruitt is reversed.

MATSON, P. J., and BESSEY, J., concur.